UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Jane Doe, | |
| --- | --- |
| *Plaintiff,* | Civ. No. 3:19-cv-01519 (JBA) |
| v. | |
| Wesleyan University, | |
| *Defendant.* | June 21, 2021 |

**RULING ON PLAINTIFF'S MOTION TO QUASH [ECF No. 94]**

The plaintiff, Jane Doe,[1] has moved to quash a deposition and document production subpoena served upon her mother by the defendant, Wesleyan University. (Pl.'s Mot. to Quash, ECF No. 94) (hereinafter "Motion"). She claims, in substance, that all of her mother's knowledge about the case is protected from discovery by the attorney-client privilege, because her mother allegedly "act[ed] as [her] agent in this matter" for the purpose of "clarify[ing] and enhanc[ing]" her communications with her attorneys. (*Id.* at 2-3.) She also claims that Wesleyan's document production requests should be quashed, because she has produced many of the documents herself, and many others are "within Wesleyan's possession, custody, or control." (*Id.* at 5-7.) As discussed below, however, these blanket assertions of privilege and *ipse dixit* claims of burden and duplication are insufficient to immunize relevant information from discovery. The plaintiff's Motion is **DENIED** accordingly.

---

[1]   The plaintiff has been granted leave to proceed under a fictitious name. (ECF No. 75.)

1

## I. Background

The plaintiff is a former Wesleyan student who was expelled by the university in the fall of 2017. She contends that her expulsion was wrongful, and she asserts claims against Wesleyan for breach of contract, negligent misrepresentation, and reckless and wanton misconduct. (*See generally* Am. Compl., ECF No. 50; *see also* Ruling on Mot. to Dismiss, ECF No. 90.) Wesleyan says that the expulsion was proper, claiming among other things that the plaintiff "cheated on examinations," "lied about cheating," and "attempted to cover-up her cheating." (Ans. & Aff. Defs., ECF No. 107, at 39.)

The parties began discovery in late 2019 (*see* Rule 26(f) Rpt., ECF No. 24), and discovery is set to close on November 1, 2021. (Sched. Order, ECF No. 98.) On February 26, 2021, Wesleyan served a deposition and document production subpoena on the plaintiff's mother. (Ex. 1 to Motion, ECF No. 94-2.) The plaintiff filed this motion to quash on March 11, 2021.

With respect to the deposition component of the subpoena, the plaintiff's principal argument is that her mother allegedly "was, at all times, acting as Plaintiff's agent in this matter." (Motion at 2.) She therefore reasons that her mother's potential deposition testimony is "protected under the attorney-client privilege," because the privilege "covers communications with agents of a client when those communications are made in confidence and for the purpose of obtaining legal advice." (*Id.* at 2-3 (citing, *inter alia*, *U.S. v. Kovel*, 296 F.2d 918 (2d Cir. 1961).) With respect to the document production component, the plaintiff asserts that her mother should not have to produce documents principally because she (the plaintiff) has already produced much of the same material, and because other materials are "largely, if not entirely, within Wesleyan's possession, custody, or control." (*Id.* at 4-7.) The motion is supported by a Local Rule 37(a) affidavit from counsel (Decl. of K. Lau, ECF No. 94-1), but it is unsupported by any affidavit from the plaintiff or her mother.

Wesleyan filed an opposition memorandum (ECF No. 104-1), and the plaintiff has filed a reply. (ECF No. 110.) Neither party requested oral argument. After the Motion was fully briefed, Judge Arterton referred it to the undersigned. (ECF No. 128.) The Motion is now ripe for decision.

## II. Discussion

### A. Fed. R. Civ. P. 45

"Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b)." *Main St. Am. Assurance Co. v. Savalle*, No. 3:18CV02073(JCH)(SALM), 2021 WL 1399685, at *1 (D. Conn. Apr. 14, 2021) (quoting *Crespo v. Beauton*, No. 3:15CV412(WWE)(WIG), 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016)). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When discovery disputes arise, the burden of demonstrating relevance initially rests with the party seeking discovery. *Bagley v. Yale Univ.*, 315 F.R.D. 131, 144 (D. Conn. 2016), *as amended* (June 15, 2016). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) (citation and quotation marks omitted). Put differently, once the discovery-seeking party shows that the requested information "bears on, or . . . reasonably could lead to other matter that could bear on, any issue" in the case, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

### B. Motion to Quash Deposition

The Court begins by observing that Wesleyan has adequately shown that the plaintiff's mother has relevant information. The plaintiff produced emails during the discovery process demonstrating that she communicated with her mother within twenty-four hours of the emergence

3

of the cheating allegations. At a minimum, therefore, her mother should be able to testify concerning the plaintiff's earliest statements about those allegations. (Ex. A to Def.'s Opp'n, ECF No. 104-2.) Moreover, Wesleyan says without contradiction that the plaintiff continued to communicate with her mother throughout the Honor Board proceedings. (Def.'s Opp'n, ECF No. 104-1, at 8.) Wesleyan adds – again without contradiction – that the plaintiff's mother likely has discoverable information about "her claims for emotional distress." (*Id.*) In short, Wesleyan has adequately shown that the plaintiff's mother possesses relevant information, and indeed the plaintiff does not seriously contend otherwise. (*See generally* Motion (basing objection on privilege and burden rather than lack of relevance).)

Wesleyan having demonstrated the relevance of the mother's deposition testimony, the burden shifts to the plaintiff to "justify curtailing discovery." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018) (quoting *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012)). When the claimed justification is the attorney-client privilege, "[i]t is well settled that the burden of establishing the existence of . . . [the] privilege, in all of its elements, rests with the party asserting it." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (brackets and quotation marks omitted).

Importantly, a privilege claimant typically cannot meet her burden with broad, categorical claims; rather, she "bears the burden of establishing that *particular communications* . . . are privileged." *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (emphasis added). "The mere existence . . . of an attorney-client relationship does not raise a presumption of confidentiality," and accordingly "[t]he party claiming the privilege has the burden of establishing the attorney-client relationship and the applicability of the privilege to the particular circumstances and discovery requests." *P. & B. Marina, Ltd. P'Ship v. Logrande*, 136 F.R.D. 50,

4

53 (E.D.N.Y. 1991), *aff'd sub nom. P&B Marina Ltd. v. LoGrande*, 983 F.2d 1048 (2d Cir. 1992). Put differently, a "general allegation or blanket assertion that the privilege should apply is insufficient to warrant protection." *Id.*; *see also A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07-cv-929 (WWE), 2013 WL 6044333, at *8 (D. Conn. Nov. 14, 2013) (holding that a "blanket assertion that the attorney-client privilege [applies] is insufficient to warrant protection"); *Dep't of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.)*, 139 F.R.D. 295, 300 (S.D.N.Y. 1991) ("Blanket claims asserting attorney client privileges are improper.").

The plaintiff claims that *all* of her mother's relevant knowledge about the case – in other words, her answers to every single relevant deposition question that Wesleyan might ask – is "protected under the attorney-client privilege" because her mother was "acting as [her] agent." (Motion at 2.) As a legal matter, it is true that a client's communications with an agent can be protected by the privilege when the communication was necessary to facilitate or clarify communications between the client and the attorney – as, for example, when a client must speak to his accountant for the purpose of making his financial information intelligible to his lawyer. *See, e.g., Galasso v. Cobleskill Stone Prods.*, 169 A.D.3d 1344, 1347 (3d Dep't 2019) (citing *U.S. v. Kovel*, 296 F.2d 918, 921-22 (2d Cir. 1961) for the proposition that the privilege can attach to a client-to-agent communication when necessary "to facilitate or clarify communications between plaintiff and his attorneys").[2] And perhaps there were a few instances where that truly happened

---

[2] The plaintiff's privilege claims appear to be governed by New York law. "Where, as here, a federal court's subject-matter jurisdiction is premised on diversity of citizenship, the court must apply state law to privilege issues." *Safeco Ins. Co. of Am. v. Vecsey*, 259 F.R.D. 23, 27-28 (D. Conn. 2009) (footnote, citation and quotation marks omitted). To determine which state's privilege law applies, the Court employs Connecticut choice of law principles. *In re Coudert Bros., LLP*, 673 F.3d 180, 186 (2d Cir. 2012) ("It is well established that a federal court sitting in diversity must generally apply the choice of law rules of the state in which it sits."). Those principles first consider "whether there is an outcome determinative conflict between the applicable laws of the states with a potential interest in the case," and if there is not, "there is no

5

in this case – that is, instances in which some genuine barrier prevented the plaintiff from communicating effectively with her lawyers, and her mother's involvement was uniquely necessary to overcoming that barrier. But the Court does not credit the claim that *all* of the mother's relevant knowledge meets this demanding test – particularly where, as here, it is supported only by the unverified statements of counsel. It is noteworthy that neither the plaintiff nor her mother submitted an affidavit attesting to the existence of an agency relationship – let alone to the claim that *all* of the mother's relevant knowledge about this case was acquired in the course of providing facilitation or clarification services, without which the plaintiff and the lawyer could not have understood each other.

The cases cited by the plaintiff do not support the result she seeks. *Stroh v. General Motors Corp.*, 213 A.D.2d 267 (1st Dep't 1995), *People v. Osorio*, 75 N.Y.2d 80 (1989) and *Oxyn Telecommunications, Inc. v. Onse Telecom*, No. 01-Civ.-1012 (JSM), 2003 U.S. Dist. LEXIS 2671 (S.D.N.Y. Feb. 27, 2003) all dealt with the question of whether the presence of a third party, alleged to be the client's agent or intermediary, during an attorney-client consultation effectuated a waiver of the privilege that would otherwise attach to that consultation. None of them stand for the proposition that the alleged agent may claim privilege as to all of her knowledge about a case,

---

need to perform a choice of law analysis, and the law common to the jurisdictions should be applied." *Lumbermens Mut. Cas. Co. v. Dillon Co.*, Inc., 9 F. App'x 81, 83 (2d Cir. 2001) (summary order). If there is a conflict, however, "the Court applies the law of the state with the most significant relationship to the disputed communications and the parties to those communications." *Parimal v. Manitex Int'l, Inc.*, No. 3:19-cv-01910 (MPS) (SALM), 2021 WL 363844, at *7 (D. Conn. Feb. 3, 2021). The plaintiff resides in New York, and her attorneys have their offices in New York. (Am. Compl., ECF No. 50, ¶ 12 and signature block.) Thus, if there were to be a conflict between Connecticut and New York privilege law on any relevant point, it would seem that New York is the state with the most significant relationship to the plaintiff's attorney-client communications. *See id.*

just because some of it might have been learned while purportedly serving as an intermediary between the attorney and the client.

The plaintiff's motion to quash her mother's deposition is accordingly denied, and the deposition is ordered to go forward. If Wesleyan asks any questions that truly implicate the so-called *Kovel* principle, the lawyer appearing for the mother may object and the mother may decline to answer, *see* Fed. R. Civ. P. 30(c)(2), but the Court anticipates that few if any questions will meet this exacting standard. The plaintiff is, and was at all times relevant to this case, an adult with communication skills sufficient to secure admission to one of America's most selective universities. Any claim that she could not communicate effectively without her mother's assistance will be carefully scrutinized, and may lead to the imposition of sanctions if the Court determines that it was made in bad faith or for another improper purpose. *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of a deponent.").

### C. Motion to Quash Document Production

The plaintiff also moves to quash the document requests seeking all communications relating to the 2017 Honor Board case between her mother and plaintiff, current and/or former employees and students at Wesleyan, and any person (other than her attorney). (Motion at 5-7.) These requests are plainly relevant to the case, and the plaintiff does not plausibly contend otherwise. And since Wesleyan has requested relevant documents, the burden shifts to the plaintiff to "justify curtailing" the document requests. *N. Shore-Long Island Jewish Health Sys., Inc.*, 325 F.R.D. at 48.

The plaintiff evidently contends that some of the responsive documents in her mother's possession are attorney-client privileged (*cf.* Motion at 7), but this claim cannot be sustained without a privilege log. *See* D. Conn. L. Civ. R. 26(e). "The attorney-client privilege must be established document by document; a blanket claim of privilege will not suffice." *A & R Body Specialty & Collision Works, Inc.,* 2013 WL 6044333, at *8 (quoting *U.S. v. Ill. Power Co.,* No. 99–cv–0833–MJR, 2003 WL 25593221, at *2 (S .D. Ill. April 24, 2003)). Without a log, the plaintiff has not met her burden to show that the attorney-client privilege precludes production of the requested documents.

The plaintiff also objects that some of her mother's documents "are largely, if not entirely, within Wesleyan's possession, custody or control" (Motion at 6-7), but this sort of *ipse dixit* claim is insufficient to immunize relevant documents from discovery. "A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [document request] is not relevant or how each [request] is overly broad, burdensome or oppressive, . . . submitting affidavits or offering evidence revealing the nature of the burden.'" *Vidal v. Metro-N. Commuter R. Co.,* No. 3:12CV248 (MPS), 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013) (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984)). The plaintiff claims that "it is clearly more convenient to obtain" the requested information from Wesleyan, but this argument cannot be accepted on her counsel's mere say-so. It would require, among other things, an explanation of what documents her mother has; details on how burdensome it would be to compile and produce them; and a comparison of her burdens with Wesleyan's. Moreover, it is well established that a party ordinarily does not have standing to assert a burdensomeness objection to a subpoena served on a non-party. *U.S. Regional Econ. Dev. Auth., LLC v. Matthews*, No. 3:16-

cv-01093 (CSH), 2018 WL 2172713, at *8 (D. Conn. Apr. 21, 2020) ("[A] challenge to a subpoena based on grounds of relevance or burden may only be raised by the entity to which the subpoena is directed; a party lacks standing to raise such challenges to a subpoena directed at a nonparty.") Because the requested documents are relevant, and because the plaintiff has failed to justify curtailing discovery, her Motion for an order quashing the document production component of the subpoena is denied.

## II. Conclusion

For the reasons set forth above, the plaintiff's Motion to Quash Subpoena (ECF No. 94) is **DENIED**. The deposition of the plaintiff's mother shall go forward on a date to be scheduled through the cooperative efforts of counsel, without Court intervention. The plaintiff's mother shall produce all non-privileged documents in her possession, custody or control that are responsive to the subpoena by July 6, 2021. *See* D. Conn. L. Civ. R. 37(d) ("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order."). If she withholds any responsive documents under a claim of privilege, she shall serve a privilege log meeting the requirements of D. Conn. L. Civ. R. 26(e) on or before July 6, 2021. Any privilege claims not logged by that date may be deemed waived. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47-48 (D. Conn. 2007).

This is not a recommended ruling, but rather a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L.R. 72.1(C)(3). It is therefore reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

Dated at Hartford, Connecticut this 21st day of June, 2021.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge