**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

_____
                                                    :
JANE DOE,                                      :        CASE NO. 3:19-cv-01519-JBA
            Plaintiff,                               :
                                                    :
v.                                                  :
                                                    :
WESLEYAN UNIVERSITY,                 :
            Defendant.                           :        JULY 12, 2021
                                                    :
_____ :

**<u>DEFENDANT WESLEYAN UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO QUASH AND FOR PROTECTIVE ORDER</u>**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45(d) and Local Rule 37, the

Defendant, Wesleyan University ("Wesleyan"), respectfully moves the Court to quash Plaintiff's

subpoenas to Deloitte Financial Advisory Services LLP ("Deloitte") and its employee John

Medeiros ("Medeiros") and to issue a protective order precluding Medeiros' deposition until after

Wesleyan's expert disclosure deadline and until crucial issues raised by Wesleyan in the case,

including Plaintiff's spoliation of critical evidence and contempt of the Court's Order to produce

discovery, are addressed.

## I.        PRELIMINARY STATEMENT

Wesleyan has retained Medeiros as an expert to assist it with forensic issues in the case.

Plaintiff should not be allowed to depose Medeiros, or obtain documents requested in the

subpoenas to Medeiros and Deloitte, because Wesleyan's expert disclosure deadline has not yet

passed. Specifically, Plaintiff should not be permitted to examine Medeiros *before and after*

Wesleyan submits its expert disclosures which, pursuant to the operative scheduling order, are not

due until *September 1, 2021*. Additionally, the Court must first address Plaintiff's serious

misconduct in the discovery process, which has substantially prejudiced Wesleyan. Plaintiff's

subpoenas to Medeiros and Deloitte are at best premature in light of the crucial discovery issues pending in this case.

Plaintiff is a former Wesleyan student who was found to have cheated on multiple examinations in two chemistry courses by accessing Moodle on her iPhone. Plaintiff is in contempt of the Court's Order to produce electronic discovery, and Wesleyan has moved the Court accordingly. Currently pending before the Court is Wesleyan's Motion for Contempt and to Compel and a Motion for Spoliation seeking dismissal of the lawsuit and repayment of its legal fees by Plaintiff. Medeiros attests that the documents supplied by Plaintiff are not "mirror images" of Plaintiff's electronic devices in violation of this Court's Order (D.E. # 83), and has found clear evidence that Plaintiff cheated on examinations in the precise manner determined by Wesleyan's disciplinary proceeding – accessing course materials on Moodle through her iPhone during exams, *and additionally*, by using her iPhone, during exams, to "Google" chemistry terms. It has further come to light that Plaintiff *destroyed* critical evidence showing she cheated, namely the mirror image that BDO Consulting ("BDO") made and had of Plaintiff's iPhone – despite that Wesleyan demanded the preservation of such highly relevant information at least *four times*, dating back to *December 2017*. These issues must be resolved prior to any depositions of Wesleyan's experts.

The Court should also quash Plaintiff's subpoenas to Deloitte and Medeiros because the deposition testimony and documents and communications sought are protected under the work product doctrine and infringe the privacy rights of non-party Wesleyan students.

Accordingly, the Court should quash the subpoenas at issue and enter a protective order.

## II.    FACTUAL BACKGROUND

### 1.    <u>Plaintiff's Lawsuit Is Based On Lies And Various Issues Must Be Heard and Resolved Before The Court Prior To Any Expert Depositions And Discovery.</u>

Various discovery issues remain pending as a result of Plaintiff's disturbing conduct throughout this litigation.[1] Specifically, despite this Court's November 18, 2020 Order (D.E. # 83), Plaintiff failed to produce "mirror images" of her electronic devices. Instead, Plaintiff assembled and produced a batch of PDF documents and some multimedia files (the "PDF Production") containing only *some* of the information and data requested by Wesleyan in its initial requests. Wesleyan has retained the firm Deloitte to assist it with forensic issues in the case, and Deloitte has reviewed Plaintiff's PDF Production. (*See* Declaration of John Medeiros ("Medeiros Declaration"), attached as Exhibit J to Wesleyan's Motion for Contempt and to Compel.) Deloitte attests that the documents supplied by Plaintiff are not "mirror images" of Plaintiff's electronic devices. Wesleyan has moved for contempt and to compel, based on Plaintiff's inadequate disclosures.

On April 7, 2021, Wesleyan learned, for the first time, that Plaintiff spoliated the most critical evidence in this case, namely a forensic image of Plaintiff's iPhone obtained by BDO in August 2017, which confirms evidence of Plaintiff's cheating. Wesleyan has moved for sanctions due to Plaintiff's spoliation of evidence. Wesleyan has also issued subpoenas on BDO and the individual who performed the imaging, Garry Pate, for documents, images and other materials relevant to BDO's forensic examination of Plaintiff's iPhone and for the deposition of Mr. Pate

---

[1] All facts in the remainder of this section and throughout this Memorandum of Law are cited to and discussed more fully in Wesleyan's Memorandum of Law in Support of Motion for Contempt and to Compel (D.E. # 117) and its corresponding exhibits and declarations.  That discussion is incorporated herein by reference.

and a corporate representative of BDO pursuant to Fed. R. Civ. P. 30(b)(6).[2] Additionally, on June 21, 2021, the Court denied Plaintiff's Motion to Quash Wesleyan's rightful subpoena to Plaintiff's mother, who has highly relevant information relating to Plaintiff's claims. (*See* D.E. # 140.) In its Order, the Court instructed that "[t]he deposition of the plaintiff's mother shall go forward on a date to be scheduled through the cooperative efforts of counsel, without Court intervention," and that Plaintiff's mother was required to "produce all non-privileged documents in her possession, custody or control that are responsive to the subpoena." (*Id.*) The parties have not yet agreed upon a date for Plaintiff's mother's deposition.

All of these critical issues must be addressed, and the depositions of BDO, Pate and Plaintiff's mother must proceed, before Plaintiff is permitted to begin conducting depositions or discovery of Wesleyan's experts.

## 2.    Plaintiff's Premature Service Of Subpoenas to Deloitte And Medeiros.

On June 29, 2021, Plaintiff served, through Deloitte's counsel, subpoenas for deposition testimony and documents to John Medeiros, and on June 30, 2021 Plaintiff served a subpoena for documents to Deloitte. (*See* Subpoenas, attached as **Exhibit A** and **Exhibit B**.) Pursuant to the operative scheduling order, Wesleyan is required to disclose its experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2021, and depositions of Wesleyan's experts are to be completed by September 30, 2021. (*See* D.E. # 98.) Wesleyan has engaged Deloitte and Medeiros as experts, and Wesleyan intends to disclose them as experts in accordance with the operative discovery deadlines. It is entirely improper and inefficient for Plaintiff to have the opportunity to conduct depositions and discovery regarding Wesleyan's experts *prior to* Wesleyan's expert disclosure

---

[2] Wesleyan initially noticed the depositions to take place on July 13, 2021. The depositions have been postponed, and Wesleyan's counsel has been working with counsel for BDO on scheduling the depositions of Mr. Pate and a BDO corporate representative to take place within the coming weeks.

deadline, particularly if Plaintiff seeks to conduct further expert discovery *after* Wesleyan discloses its experts. Therefore, the Court should quash Plaintiff's subpoenas to Deloitte and Medeiros and issue a protective order precluding discovery on Wesleyan's experts until after Defendant's expert disclosure deadline has passed and until the crucial issues raised by Wesleyan are addressed by the Court.

## III.    LEGAL STANDARD

"Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[A]ny person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; . . . specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery; . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b)." *See e.g., A & R Body Specialty &Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07CV929 WWE, 2013 WL 6511934, at *1 (D. Conn. Dec. 12, 2013); *see also, e.g., Addona v. Parker*

*Hannifin Corp.*, No. 3:13CV1616 RNC, 2014 WL 788946, at *1 (D. Conn. Feb. 25, 2014). "On timely motion, the court . . . must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## IV.   ARGUMENT

### 1.   The Court Should Quash Plaintiff's Subpoenas To Deloitte And Medeiros Because They Are Premature At This Stage In The Litigation.

Plaintiff's subpoenas to Deloitte and Medeiros for depositions and documents should be quashed, and any depositions of Wesleyan's experts should be precluded, pending resolution of the significant discovery issues set forth above and in Wesleyan's Motion for Contempt and to Compel (D.E. # 116) and its Motion for Sanctions for Spoliation (D.E. # 121).

Depositions of Wesleyan's experts should be precluded until after Wesleyan's expert disclosure deadline. Rule 26(b)(4)(A) makes clear: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only *after the report is provided*." (Emphasis added.) Fed. R. Civ. P. 26(b)(4)(A). Permitting Plaintiff to conduct such expert discovery at this stage of the litigation would largely disrupt the sequence and timing of discovery set forth under Rule 26. Most significantly, Plaintiff should not be permitted to seek a second bite at the apple by conducting the deposition of Medeiros more than one time, that is, before *and* after he is disclosed as an expert by Wesleyan. It would be unfair and inefficient for Plaintiff to conduct such expert discovery prior to the time that Wesleyan is required to disclose its experts and/or an expert report.

Plaintiff cannot argue that she requires the deposition of Medeiros, and the requested documents from Medeiros and Deloitte, prior to opposing Wesleyan's Motion for Contempt and to Compel (D.E. # 116) and its Motion for Sanctions for Spoliation (D.E. # 121). Indeed, Plaintiff

requested documents from Medeiros and Deloitte, and noticed Medeiros's deposition, for dates *after* Plaintiff was required to submit its Oppositions to Wesleyan's Motions. (*See* D.E. # 147 – # 152.) Accordingly, Plaintiff will not be prejudiced by postponing Medeiros' deposition until after Wesleyan's expert disclosure deadline.

Additionally, despite the Court's Order for Plaintiff to produce a mirror image of her devices to Wesleyan, she failed to do so. As a result, Wesleyan has been deprived of crucial evidence to defend the case. Plaintiff's failure to preserve the most important evidence in the case -- the 2017 BDO image -- has greatly prejudiced Wesleyan. The evidence proves that Plaintiff's claims are false. Specifically, the evidence shows that Plaintiff *did* cheat, was properly found by the Honor Board to have cheated, during the examinations in question, and went to lengths to cover up and/or destroy digital evidence of her cheating. Moreover, Plaintiff failed to preserve critical evidence, namely the BDO image, despite that Wesleyan demanded the preservation of such highly relevant information at least *four times*, dating back to *December 2017* on top of Plaintiff's *independent duty* to preserve all relevant evidence, including all images, data and any other materials collected by BDO as a result of its forensic examination of Plaintiff's iPhone. Such issues completely dispel Plaintiff's claims and any good faith basis to pursue this lawsuit. Plaintiff's conduct is sanctionable, and Wesleyan is seeking dismissal of this action. Accordingly, such issues must be resolved prior to the depositions of Wesleyan's experts. *See* Fed. R. Civ. P. 26(d) (permitting the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case); *see also Complaint of Akropan Shipping Corp.*, No. 86 CIV. 4873 (JFK), 1990 WL 16097, at *2 (S.D.N.Y. Feb. 14, 1990) (district courts may stay merits discovery where resolution of a preliminary matter may dispose of the entire case). Wesleyan has issued subpoenas on BDO and Garry Pate. Wesleyan's counsel is

currently working with counsel for BDO and Pate to reschedule Pate's deposition. Moreover, the Court has ordered the deposition of Plaintiff's mother, a critical witness, to proceed. Until the serious matters raised by Wesleyan are adjudicated, and until Wesleyan's counsel deposes BDO, Pate, and Plaintiff's mother, no depositions or discovery should be allowed of Wesleyan's experts.

> **2. The Court Should Quash Plaintiff's Subpoenas To Deloitte And Medeiros Because The Deposition Testimony And Documents Requests Sought By Plaintiff Are Privileged And Infringe The Privacy Rights Of Non-Party Students.**
>
>> *a.   Wesleyan Has Standing To Quash The Subpoenas To Deloitte And Medeiros Because It Has A Legitimate Interest In Protecting Disclosure Of Its Work Product.*

Wesleyan has standing to quash the subpoenas to Deloitte and Medeiros because Wesleyan has a legitimate interest in protecting disclosure of its work product which would inevitably be disclosed by complying with Plaintiff's Schedule A document requests.

 "[A] party has standing to quash a subpoena issued against a third party if it can show it has a *legitimate interest.*" (Emphasis added.) *United States v. Humphrey,* 10CR25A, 2011 WL 2532998 (W.D.N.Y. June 24, 2011). A legitimate interest exists when the movant asserts "a privilege regarding the material sought in the subpoena." *Estate of Ungar v. Palestinian Auth.,* 332 F. App'x 643, 645 (2d Cir. 2009) (because movant was claiming work-product regarding the material sought in the subpoena, it had standing to challenge the subpoena served on a third party); *Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975). Here, much of what is sought by Plaintiff's subpoenas to Deloitte and Medeiros includes information and documents protected by the work product doctrine. Likewise, Plaintiff's subpoenas seek to inquire profoundly into the communications between Deloitte and Medeiros and Wesleyan's counsel. Accordingly, Wesleyan has standing to move to quash Plaintiff's subpoenas.

        b.      *Plaintiff's Subpoenas To Deloitte And Medeiros Request Information Protected By Work Product And Infringe On Privacy Rights Of Non-Party Students Of Wesleyan.*

Plaintiff impermissibly seeks a myriad of testimony, documents, communications and other materials which are privileged and subject to the work product doctrine. "The attorney-work product privilege protects 'the files and the mental impressions of an attorney ... reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways' prepared in anticipation of litigation." *A. Michael's Piano, Inc. v. F.T.C.,* 18 F.3d 138, 146 (2d Cir. 1994) (quoting *Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947)). Furthermore, Fed. R. Civ. P. 26(b)(3)(A) makes clear that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (Written materials, including "interviews, statements, memoranda, correspondence, briefs, mental impressions [and] personal beliefs," prepared in anticipation of litigation or for trial by or for a party or that party's representative constitute the work product of that party and are not discoverable). Plaintiff's document requests fall squarely within the materials protected against disclosure under Rule 26(b)(3).

Specifically, Plaintiff's subpoenas seek: documents and communications relied upon to prepare and reach the conclusions and/or opinions in the Medeiros Declaration, drafts of the Medeiros Declaration;[3] documents provided by Wesleyan's counsel to Medeiros/Deloitte for purposes of preparing the Medeiros Declaration; documents and communications between

---

[3] Even for disclosed experts, drafts of reports are expressly protected against disclosure under Fed. R. Civ. P. 26(b)(4).

Wesleyan's counsel and Medeiros/Deloitte reflecting compensation for the Medeiros Declaration; documents identifying facts and data provided by Wesleyan's counsel which was considered in forming the conclusions and/or opinions in the Medeiros Declaration; and all other communications between Wesleyan's counsel and Medeiros/Deloitte relating to, referring to, referencing, or describing the Medeiros Declaration.[4] (*See* Exhibits A and B.)

As indicated above, Wesleyan plans to disclose Medeiros as an expert in this case. Rule 26(b)(4) limits the scope of information subject to disclosure by a testifying expert. Rule 26(b)(4) protects communications between a party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Plaintiff's requests sweep far more broadly. Fed. R. Civ. P. 26(b)(4)(C). Plaintiff seeks information regarding *all* communications between Wesleyan's counsel and Deloitte/Medeiros relating to the Medeiros Declaration, as well as documents, notes, memoranda, facts, data and other materials provided by Wesleyan to Deloitte/Medeiros for purposes of preparing the Medeiros Declaration. It is without doubt that Plaintiff's subpoenas impermissibly seek mental impressions, opinions and legal theories of counsel – the very information Rule 26(b) is designed to protect against. Because Plaintiff's subpoenas seek protected work product, the Court should quash the subpoenas and enter a protective order.

Moreover, the testimony and documents sought from the subpoenas at issue would

---

[4] This is not intended to be an exhaustive list of Plaintiff's Schedule A document requests or of the requests that Wesleyan asserts are privileged.

necessarily reveal confidential and personal information that would invade the privacy rights of non-party students and which is protected from disclosure under the common law and/or the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). Specifically, compliance with Plaintiff's subpoenas would disclose the academic records of non-party students, including their Moodle logs. Plaintiff is not, under any circumstances, entitled to this information.

Given that Plaintiff's subpoenas to Deloitte and Medeiros seek privileged and otherwise protected information, the subpoenas should be quashed and a protective order should be entered.

## V.      CONCLUSION

For the foregoing reasons, Wesleyan respectfully requests that the Court quash the subpoenas to Deloitte and Medeiros, and enter an order precluding Plaintiff from deposing Medeiros.

THE DEFENDANT,
WESLEYAN UNIVERSITY

By: */s/ Jonathan C. Sterling*
    James M. Sconzo (ct04571)
    Jonathan C. Sterling (ct24576)
    Micah J. Vitale (ct30957)
    CARLTON FIELDS, P.A.P.C.
    One State Street, Suite 1800
    Hartford, CT  06103-3102
    Telephone:(860) 392-5000
    Facsimile: (860) 392-5058
    E-mail:     jsconzo@carltonfields.com
             jsterling@carltonfields.com
             mjvitale@carltonfields.com

    Its Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 12th day of July, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Jonathan C. Sterling*
Jonathan C. Sterling

126461117.1

12

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
--------------------------------------------------------X

| | | |
|---|---|---|
| JANE DOE, | : | **Case No. 3:19-cv-01519-JBA** |
| | : | |
| Plaintiff, | : | **NOTICE OF DEPOSITION OF** |
| | : | **JOHN MEDEIROS** |
| -against- | : | |
| | : | |
| WESLEYAN UNIVERSITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

--------------------------------------------------------X

    **PLEASE TAKE NOTICE** that on July 16, 2021, beginning at 10:00 AM, via video conference, the attorneys for the Plaintiff will take the deposition of **John Medeiros** on oral examination, pursuant to Rule 30 of the Federal Rules of Civil Procedure, before a Notary Public or before some other officer authorized by law to conduct depositions, said deposition to continue from day to day until completed.  The deposition will be recorded by stenographer.

Dated: June 29, 2021

                            **WARSHAW BURSTEIN, LLP**
                            *Attorneys for Plaintiff*

By:_____
Kimberly C. Lau (admitted *pro hac vice*)
James E. Figliozzi (admitted *pro hac vice*)
575 Lexington Avenue
New York, New York 10022
(212) 984-7709
klau@wbny.com
jfigliozzi@wbny.com
                          -and-

**ZELDES, NEEDLE & COOPER, P.C.**
*Attorneys for Plaintiff*
David S. Rintoul, Esq.
100 Lafayette Boulevard, 7th Floor

Bridgeport, Connecticut 06604
(203) 332-5782
drintoul@znclaw.com

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Connecticut

| | |
|---|---|
| JANE DOE, | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   3:19-cv-01519-JBA |
| WESLEYAN UNIVERSITY, | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            John Medeiros, c/o Karim Aoun

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via video conference - link to be provided | Date and Time: 07/16/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographer

❐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/29/2021

CLERK OF COURT

_____     OR     _____
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Jane Doe
_____ , who issues or requests this subpoena, are:

Kimberly Lau, Warshaw Burstein, LLP, 575 Lexington Avenue, New York, NY 10022, klau@wbny.com, 212-984-7709

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:19-cv-01519-JBA

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

JANE DOE,                                        :        Case No. 3:19-cv-01519-JBA
                                                 :
                            Plaintiff,           :        NOTICE OF DOCUMENT
                                                 :        SUBPOENAS
              -against-                          :
                                                 :
WESLEYAN UNIVERSITY,                             :
                                                 :
                                                 :
                            Defendant.           :
-------------------------------------------------------------X

     **PLEASE TAKE NOTICE** that pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, notice is hereby given that Plaintiff will be serving subpoenas to produce documents on the individual and entity listed below.  No appearance is required on the compliance date, and compliance will be due on July 13, 2021.  Attached hereto are subpoenas to be served upon:

    **John Medeiros**

    **Deloitte Financial Advisory Services LLP**

Dated: New York, New York
     June 30, 2021

                       **WARSHAW BURSTEIN, LLP**
                       *Attorneys for Plaintiff*

                    By: _____
                       Kimberly C. Lau (admitted *pro hac vice*)
                       James E. Figliozzi (admitted *pro hac vice*)
                       575 Lexington Avenue
                       New York, New York 10022
                       (212) 984-7709
                       klau@wbny.com
                       jfigliozzi@wbny.com

                    -and-

**ZELDES, NEEDLE & COOPER, P.C.**
*Attorneys for Plaintiff*
David S. Rintoul, Esq.
100 Lafayette Boulevard, 7th Floor
Bridgeport, Connecticut 06604
(203) 332-5782
drintoul@znclaw.com

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | | |
|---|---|---|
| JANE DOE, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:19-cv-01519-JBA |
| WESLEYAN UNIVERSITY, | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              John Medeiros, c/o Karim Aoun

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Schedule A.

| Place: Warshaw Burstein, LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY 10022 | Date and Time:<br><br>07/13/2021 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        06/30/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jane Doe _____ , who issues or requests this subpoena, are:

Kimberly Lau, Warshaw Burstein, LLP, 575 Lexington Avenue, New York, NY 10022, klau@wbny.com, 212-984-7709

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:19-cv-01519-JBA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

JANE DOE,                         :     **Case No. 3:19-cv-01519-JBA**

                                    :

               **Plaintiff,**     :     **SUBPOENA TO PRODUCE**

                                    :     **DOCUMENTS TO**

         **-against-**         :     **JOHN MEDEIROS**

                                    :

**WESLEYAN UNIVERSITY,**       :

                                    :

                                    :

             **Defendant.**     :

---------------------------------------------------------------X

## SCHEDULE A

## DEFINITIONS

1.       The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.       The term "document" means documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

3.       The term "Medeiros Declaration" means the declaration signed by John Medeiros on May 14, 2021 used as Exhibit J to Wesleyan's Motion for Contempt and to Compel filed on May 14, 2021.

## INSTRUCTIONS

1.       The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.       The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.       The use of the singular form of any word includes the plural and vice versa.

## DEMANDS

Jane Doe, by her attorneys Warshaw Burstein, LLP, pursuant to Fed. R. Civ. P. 45, demands that John Medeiros produce the following documents, communications, and electronically-stored information within his possession, custody, or control in a reasonably usable form or forms (*e.g.*, screen shots; printouts; forensic downloads; electronic backups; native file formats; and/or JPEG, MP4, PDF, TXT, CSV, etc. file formats), at the place, date, and time set forth in the attached subpoena:

(1) All documents and communications, including, but not limited to, text messages, emails, photos, videos, social media posts, Moodle posts, Microsoft Word documents, Microsoft Excel documents, PDFs, and forensic images reviewed, used, or otherwise relied upon to prepare the Medeiros Declaration.

(2) All documents and communications, including, but not limited to, text messages, emails, photos, videos, social media posts, Moodle posts, Microsoft Word documents, Microsoft Excel documents, PDFs, and forensic images reviewed, used, or otherwise relied upon to reach the conclusions and/or opinions stated in Medeiros Declaration.

(3) A copy of the current curriculum vitae for John Medeiros.

(4) Copies of any drafts of the Medeiros Declaration.

(5) To the extent not provided in response to any preceding demand, all documents referenced in the Medeiros Declaration.

(6) To the extent not provided in response to any preceding demand, all documents provided to John Medeiros/Deloitte by Wesleyan University, counsel for Wesleyan University, or any agent of Wesleyan University for the purposes of preparing the Medeiros Declaration.

(7) To the extent not provided in response to any preceding demand, all communications between counsel for Wesleyan and John Medeiros/Deloitte relating to, referring to, referencing, or reflecting compensation for preparing the Medeiros Declaration.

(8) To the extent not provided in response to any preceding demand, all communications between counsel for Wesleyan and John Medeiros/Deloitte identifying facts or data that the counsel for Wesleyan provided and that John Medeiros considered in forming the conclusions and/or opinions expressed in the Medeiros Declaration.

(9) To the extent not provided in response to any preceding demand, all communications between counsel for Wesleyan and John Medeiros/Deloitte identifying assumptions that counsel for Wesleyan provided and that John Medeiros relied on in forming the conclusions and/or opinions expressed in the Medeiros Declaration.

(10)     To the extent not provided in response to any preceding demand, all documents relied upon by John Medeiros to conclude that the Moodle logs referenced in the Medeiros Declaration are reported in Eastern Time (as noted in Paragraph 21 of the Medeiros Declaration).

(11)     To the extent not provided in response to any preceding demand, all communications relied upon by John Medeiros to conclude that the Moodle logs referenced in the Medeiros Declaration are reported in Eastern Time (as noted in Paragraph 21 of the Medeiros Declaration).

(12)     To the extent not provided in response to any preceding demand, all communications, documents, notes, memoranda, and/or other writings relating to, referring to, referencing, or reflecting any interviews that John Medeiros conducted in order to assist in forming the conclusions and/or opinions expressed in the Medeiros Declaration or that were otherwise used or relied upon to prepare the Medeiros Declaration.

(13)     To the extent not provided in response to any preceding demand, all communications, documents, notes, memoranda, and/or other writings relating to, referring to, referencing, or reflecting any discussions that John Medeiros had with any other Deloitte employee, contractor, or vendor in order to assist in forming the conclusions and/or opinions expressed in the Medeiros Declaration or that were otherwise used or relied upon to prepare the Medeiros Declaration.  This request includes, but is not limited to, discussions that occurred telephonically, electronically, and/or in person.

(14)     To the extent not provided in response to any preceding demand, all other communications between counsel for Wesleyan and John Medeiros/Deloitte relating to, referring to, referencing, or describing the Medeiros Declaration.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X

| | | |
|---|---|---|
| JANE DOE, | : | Case No. 3:19-cv-01519-JBA |
| | : | |
| Plaintiff, | : | NOTICE OF DOCUMENT |
| | : | SUBPOENAS |
| -against- | : | |
| | : | |
| WESLEYAN UNIVERSITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------X

**PLEASE TAKE NOTICE** that pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, notice is hereby given that Plaintiff will be serving subpoenas to produce documents on the individual and entity listed below.  No appearance is required on the compliance date, and compliance will be due on July 13, 2021.  Attached hereto are subpoenas to be served upon:

**John Medeiros**

**Deloitte Financial Advisory Services LLP**

Dated: New York, New York
      June 30, 2021

                         **WARSHAW BURSTEIN, LLP**
                         *Attorneys for Plaintiff*

By: _____
      Kimberly C. Lau (admitted *pro hac vice*)
      James E. Figliozzi (admitted *pro hac vice*)
      575 Lexington Avenue
      New York, New York 10022
      (212) 984-7709
      klau@wbny.com
      jfigliozzi@wbny.com

      -and-

**ZELDES, NEEDLE & COOPER, P.C.**
*Attorneys for Plaintiff*
David S. Rintoul, Esq.
100 Lafayette Boulevard, 7th Floor
Bridgeport, Connecticut 06604
(203) 332-5782
drintoul@znclaw.com

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Connecticut

|  |  |
|---|---|
| JANE DOE, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:19-cv-01519-JBA |
| WESLEYAN UNIVERSITY, | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Deloitte Financial Advisory Services LLP, c/o Karim Aoun

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Schedule A.

| Place: Warshaw Burstein, LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY 10022 | Date and Time:<br><br>07/13/2021 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:           06/30/2021

| *CLERK OF COURT* | | |
|---|---|---|
|  | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jane Doe _____ , who issues or requests this subpoena, are:

Kimberly Lau, Warshaw Burstein, LLP, 575 Lexington Avenue, New York, NY 10022, klau@wbny.com, 212-984-7709

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:19-cv-01519-JBA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------------X

| | | |
|---|---|---|
| JANE DOE, | : | **Case No. 3:19-cv-01519-JBA** |
| | : | |
| Plaintiff, | : | **SUBPOENA TO PRODUCE** |
| | : | **DOCUMENTS TO** |
| -against- | : | **DELOITTE FINANCIAL** |
| | : | **ADVISORY SERVICES LLP** |
| WESLEYAN UNIVERSITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

--------------------------------------------------------------X

## SCHEDULE A

### DEFINITIONS

1.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      The term "document" means documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

3.      The term "Medeiros Declaration" means the declaration signed by John Medeiros on May 14, 2021 used as Exhibit J to Wesleyan's Motion for Contempt and to Compel filed on May 14, 2021.

4.      The term "Deloitte" means Deloitte Financial Advisory Services LLP, as well as any of its parents, subsidiaries, joint ventures, co-member firms, or any other entity connected to it by any sort of business or financial arrangement or agreement.

### INSTRUCTIONS

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## DEMANDS

Jane Doe, by her attorneys Warshaw Burstein, LLP, pursuant to Fed. R. Civ. P. 45, demands that Deloitte Financial Advisory Services LLP produce the following documents, communications, and electronically-stored information within its possession, custody, or control in a reasonably usable form or forms (*e.g.*, screen shots; printouts; forensic downloads; electronic backups; native file formats; and/or JPEG, MP4, PDF, TXT, CSV, etc. file formats), at the place, date, and time set forth in the attached subpoena:

(1) All documents and communications, including, but not limited to, text messages, emails, photos, videos, social media posts, Moodle posts, Microsoft Word documents, Microsoft Excel documents, PDFs, and forensic images reviewed, used, or otherwise relied upon to prepare the Medeiros Declaration.

(2) All documents and communications, including, but not limited to, text messages, emails, photos, videos, social media posts, Moodle posts, Microsoft Word documents, Microsoft Excel documents, PDFs, and forensic images reviewed, used, or otherwise relied upon to reach the conclusions and/or opinions stated in Medeiros Declaration.

(3) A copy of the current curriculum vitae for John Medeiros.

(4) Copies of any drafts of the Medeiros Declaration.

(5) To the extent not provided in response to any preceding demand, all documents referenced in the Medeiros Declaration.

(6) To the extent not provided in response to any preceding demand, all documents provided to John Medeiros/Deloitte by Wesleyan University, counsel for Wesleyan University, or any agent of Wesleyan University for the purposes of preparing the Medeiros Declaration.

(7) To the extent not provided in response to any preceding demand, all communications between counsel for Wesleyan and John Medeiros/Deloitte relating to, referring to, referencing, or reflecting compensation for preparing the Medeiros Declaration.

(8) To the extent not provided in response to any preceding demand, all communications between counsel for Wesleyan and John Medeiros/Deloitte identifying facts or data that the counsel for Wesleyan provided and that John Medeiros considered in forming the conclusions and/or opinions expressed in the Medeiros Declaration.

(9) To the extent not provided in response to any preceding demand, all communications between counsel for Wesleyan and John Medeiros/Deloitte identifying assumptions that counsel for Wesleyan provided and that John Medeiros relied on in forming the conclusions and/or opinions expressed in the Medeiros Declaration.

(10)   To the extent not provided in response to any preceding demand, all documents relied upon by John Medeiros to conclude that the Moodle logs referenced in the Medeiros Declaration are reported in Eastern Time (as noted in Paragraph 21 of the Medeiros Declaration).

(11)   To the extent not provided in response to any preceding demand, all communications relied upon by John Medeiros to conclude that the Moodle logs referenced in the Medeiros Declaration are reported in Eastern Time (as noted in Paragraph 21 of the Medeiros Declaration).

(12)   To the extent not provided in response to any preceding demand, all communications, documents, notes, memoranda, and/or other writings relating to, referring to, referencing, or reflecting any interviews that John Medeiros conducted in order to assist in forming the conclusions and/or opinions expressed in the Medeiros Declaration or that were otherwise used or relied upon to prepare the Medeiros Declaration.

(13)   To the extent not provided in response to any preceding demand, all communications, documents, notes, memoranda, and/or other writings relating to, referring to, referencing, or reflecting any discussions that John Medeiros had with any other Deloitte employee, contractor, or vendor in order to assist in forming the conclusions and/or opinions expressed in the Medeiros Declaration or that were otherwise used or relied upon to prepare the Medeiros Declaration.  This request includes, but is not limited to, discussions that occurred telephonically, electronically, and/or in person.

(14)   To the extent not provided in response to any preceding demand, all documents and communications, including, but not limited to, text messages, emails, photos, videos, social media posts, Moodle posts, Microsoft Word documents, Microsoft Excel documents, PDFs, and forensic images reviewed, used, or otherwise relied upon by any employees, officers, agents, and/or vendors of Deloitte relating to the Medeiros Declaration.

(15)   To the extent not provided in response to any preceding demand, all other communications between counsel for Wesleyan and John Medeiros/Deloitte relating to, referring to, referencing, or describing the Medeiros Declaration.